**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2567
_____

GEORR M. BIRLA,
Appellant

v.

NEW JERSEY BOARD OF NURSING;
MR. GEORGE J. HERBERT, Executive Director, et al.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-cv-01612)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2013

Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: November 19, 2013)
_____

OPINION
_____

PER CURIAM

       Georr M. Birla appeals pro se from the order of the District Court dismissing his

amended complaint.  We will affirm.

Birla, who is African American, filed pro se a two-page Title VII complaint against the New Jersey Board of Nursing and its executive director George J. Herbert, alleging, in conclusory fashion, that they refused to issue him a license to work as a Certified Homecare Health Aide because of "racial and retaliatory discrimination." On defendants' motion to dismiss, the District Court dismissed Birla's complaint on the ground that he had not alleged that defendants are his "employers" under Title VII. See, e.g., George v. N.J. Bd. of Veterinary Med. Exam'rs, 794 F.2d 113, 114 (3d Cir. 1986) (holding that a licensing board that denied the plaintiff a license is not a Title VII "employer"). The District Court's dismissal was without prejudice, however, and the District Court granted Birla leave to amend to assert any federal claims he might have, including any claim under 42 U.S.C. § 1983. Birla filed both an amended complaint and a notice of appeal, and we dismissed his appeal for lack of jurisdiction because the District Court had not entered a final judgment. (C.A. No. 12-4422, Apr. 3, 2013.)

Birla's three-page amended complaint again sought relief under Title VII and also invoked § 1983. This time, Birla added the allegation that defendants denied him a license because their criminal history background check, which he characterized without elaboration as a "racial and retaliatory discriminatory practice," revealed "inaccurate records more than 15 years old." Defendants again filed a motion to dismiss, and the District Court again granted it. The District Court once again dismissed Birla's Title VII claims for lack of a Title VII "employer." It also liberally construed his complaint as asserting an equal protection violation under § 1983. The District Court dismissed

2

Birla's § 1983 claims for damages against the Board and against Herbert in his official capacity because state agencies and officials in their official capacities are not "persons" subject to liability for damages under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); McCauley v. Univ. of the V.I., 618 F.3d 232, 241 (3d Cir. 2010). The District Court dismissed Birla's § 1983 claims against Herbert in his personal capacity and for injunctive relief because Birla's conclusory allegations did not show any plausible entitlement to relief, and thus did not satisfy the pleading standard of which the District Court had notified him in its previous opinion. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The District Court dismissed most of Birla's claims with prejudice. Its dismissal of Birla's § 1983 claims against Herbert personally and for injunctive relief, however, was "without prejudice." The District Court did not explain the intended effect of that dismissal, but it did not expressly give Birla leave to amend as it had done before and the case remains marked "closed" on the District Court docket. Birla appeals.

II.

The District Court's dismissal of some of Birla's claims without prejudice raises a threshold jurisdictional issue. A dismissal without prejudice generally does not constitute a final order reviewable under 28 U.S.C. § 1291 because it does not finally resolve the litigation and instead implicitly invites the plaintiff to replead. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Under the circumstances, however, we construe the District Court's order as final.

3

The District Court clearly knew how to give Birla leave to amend when that was its intent, and it chose not to do so a second time. Moreover, the District Court cited Phillips in discussing the pleading standard, and we went on in that case to repeat our long-standing suggestion "that district judges expressly state, when appropriate, that the plaintiff has leave to amend. . . ." Phillips, 515 F.3d at 236 (quoting Shave v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)); see also Pennsylvania Family Inst., Inc. v. Black, 489 F.3d 156, 163 n.4 (3d Cir. 2007) (deeming the lack of any statement that the plaintiffs had leave to amend an indicia of finality). Because the District Court did not grant Birla leave to amend again, we do not construe its dismissal of certain claims "without prejudice" as an implicit invitation to file another amended complaint. Instead, we construe it merely as a statement that the District Court did not reach the merits of Birla's claimed but inadequately pleaded entitlement to federal relief, which means that its ruling is without prejudice to Birla's ability to seek whatever relief might be available in state court. In sum, we conclude that the District Court intended its order to finally resolve the case, and we thus have jurisdiction under § 1291.

### III.

Turning to the merits, and reviewing Birla's complaints de novo, we agree that dismissal was appropriate for the reasons summarized above and discussed more thoroughly by the District Court. No matter how liberally construed, neither of Birla's complaints raises any inference that defendants have violated Title VII or any other federal law. Nor can we say that the District Court abused its discretion in declining to

4

grant Birla leave to file another amended complaint, and Birla does not argue otherwise. The District Court explained the pleading standard in its initial order granting Birla leave to amend, and it even went so far as to suggest that he might be attempting to assert claims that might be actionable under § 1983. Birla's second conclusory attempt to state a federal claim, however, suffered from the same deficiencies as his first. Nothing in Birla's complaints suggests that he could assert a plausible federal claim if again given leave to plead his claims in more detail. Nor does anything in Birla's briefs, in which he makes certain allegations for the first time on appeal. We generally do not consider allegations made for the first time on appeal, but we note that Birla's new allegations still fail to suggest the existence of any plausible federal claim.[1] Finally, Birla raises certain legal arguments for the first time in his reply brief. We generally do not consider arguments raised for the first time in reply either, but we note that Birla's arguments are either inapposite or otherwise lack merit.[2]

---

[1] Birla now alleges that he graduated from a certified nursing program and that, although he provided defendants with evidence that he has not been convicted of a disqualifying crime and was deemed eligible for certification in November 2011, defendants still have not placed him in the database of those eligible for employment. (Appellant's Br. at 4.) Defendants, also for the first time on appeal, respond that they notified Birla that he would be licensed upon their receipt of certain documentation that he still has not provided. (Appellees' Br. at 4 n.1.) We express no opinion on these allegations except to note that Birla's new allegations do not suggest that he could further amend his complaint to state a plausible federal claim.

[2] For example, Birla argues that the Board is a Title VII "employer" because its licensing decision controls his eligibility for employment, but that argument is squarely foreclosed by our holding in George that "Title VII . . . is not applicable to the licensing functions of a public agency exercised under the police powers of a state." George, 794 F.2d at 114.

IV.

For these reasons, we will affirm the judgment of the District Court.  Our ruling is without prejudice to Birla's ability to seek whatever relief may be available in the New Jersey state agencies or state courts, an issue on which we express no opinion.